# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RAMON LEIS, III, | ) |
| | ) |
| v. | ) No. 3:21-cv-00304 |
| | ) |
| ALCOHOL, TOBACCO & FIREARM AGENCY, *et al.*, | ) Judge Trauger |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Ramon Leis, III, a pre-trial detainee in the custody of the Warren County Regional Jail in Bowling Green, Kentucky, filed this pro se, in forma pauperis action against the Alcohol, Tobacco & Firearm Agency (ATF), ATF Agent Chris McClellan in his official capacity, ATF Special Agent Dean Clark in his official capacity, the Clarksville Police Department, Clarksville Police Department Officer Casey Stanton in his official capacity, the Tennessee Bureau of Investigation (TBI), and the Cheatham County Sheriff's Office. (Doc. No. 1).

The plaintiff initially filed this action in the United States District Court for the Western District of Kentucky, Bowling Green Division. By memorandum and order entered on April 16, 2021, the Honorable Greg N. Stivers transferred the action to this district after determining that venue was proper in the Middle District of Tennessee. (Doc. No. 5).

Subsequently, the plaintiff submitted a document entitled "Civil Rights Lawsuit" (Doc. No. 8). Therein, the plaintiff seeks to add claims against an unnamed Clarksville Police Department

1

Sergeant, ATF TFO[1] Agent Greg Beebee, ATF TFO Agent Joey Boyd, CCSO Agent Jacob Kent, ATF Special Agent Justin Meinecke, and Agent f/n/u Adkins. (*Id*. at 1).

The court will screen the original complaint, as informed by this supplemental pleading, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

---

[1] The complaint does not identify the meaning of the acronym "TFO", but the court presumes that the plaintiff is using this abbreviation for Task Force Officer. Its precise meaning does not appear to be relevant to the court's initial review of the complaint under the PLRA.

## II. Alleged Facts

The complaint alleges an incident involving law enforcement on February 24, 2021, at a Dollar General Store in Cedar Hill, Robertson County, Tennessee. The plaintiff alleges that he was talking to a friend outside the Dollar General Store when two unknown vehicles blocked his friend's vehicle. When the persons inside the unknown vehicles jumped out with guns, the plaintiff jumped out of his friend's car and "ran for [his] life." (Doc. No. 1 at 6). According to the plaintiff, the persons did not identify themselves as law enforcement officers. While running, the plaintiff was struck by a sports utility vehicle operated by Defendant ATF Agent Beebe. The plaintiff lost consciousness, paramedics revived him, and he was transported by ambulance to a hospital.

On his "seizure paperwork," Defendant ATF Agent McClellan listed the plaintiff's race as Hispanic. The plaintiff believes that he was "racially profiled and attacked" because he is "clearly 'White,' not 'Hispanic.'" (*Id*. and Doc. No. 8 at 1). The plaintiff explains that he is "filing this lawsuit due to the fact that the ATF, Clarksville Police Department, Tennessee Bureau of Investigation and Cheatham County Sheriff's Department cannot get their statements on track. None of the statements match up." (Doc. No. 1 at 6-7).

The complaint alleges that Defendant ATF Special Agent Clark "stated things against [the plaintiff] that are nothing more than hear-say as there is no evidence to back up his statements." (*Id*. at 7). The complaint also alleges that Defendant TBI Special Agent Adkins "got a search warrant for a residence to look for evidence against [the plaintiff] for which [the plaintiff] did not live at the said residence." (*Id*.). The plaintiff states, "I feel like due to my criminal background the law enforcement is profiling me and trying everything they can to incarcerate me of false charges." (*Id*.) Further, the plaintiff alleges that Defendant ATF Special Agent Meinecke "is telling other people that [the plaintiff's] lawyer is telling him information regarding [the plaintiff's] case and he is telling them people what [the plaintiff's] lawyer has said." (Doc. No. 8 at 2).

3

The plaintiff seeks an award of money damages in the amount of $10,000,000 and asks that "the corrupt law enforcement officers be fired from [their] job[s]." (*Id*. at 8).

**III.    Analysis**

The plaintiff filed his complaint on a form entitled "Civil Rights Complaint To Be Used By a *Pro Se* Prisoner Under 42 U.S.C. § 1983 or Under *Bivens v. Six Unknown Fed. Narcotics Agents*." (Doc. No. 1 at 1).

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* provides a right of action against federal employees in their individual capacities who, acting under color of federal law, violate an individual's rights under the United States Constitution. 403 U.S. 388, 395-96 (1971). To establish a *Bivens* claim, a "plaintiff must allege facts which show the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005) (citing *Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002)). "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights," *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996), and decisional law developed under § 1983 has been fully applied to *Bivens* suits. *Butz v. Economou*, 438 U.S. 478, 498-504 (1978).

4

### A. Claims against the Clarksville Police Department, Clarksville Police Department Officer Casey Stanton in his official capacity, and an unnamed Clarksville Police Department Sergeant

The complaint names the Clarksville Police Department as a defendant to this action. However, a police or sheriff's department or office is not an entity capable of being sued under 42 U.S.C § 1983. *See, e.g., Durham v. Estate of Gus Losleben*, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); *McKinney v. McNairy Cnty., Tenn.*, 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); *Newby v. Sharp*, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); *Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Thus, the complaint fails to state claims upon which relief can be granted under § 1983 against the Clarksville Police Department. This claim will be dismissed.

The complaint also names Clarksville Police Department Officer Casey Stanton in his official capacity as a defendant to this action. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, defendant Stanton is an employee of the city of Clarksville. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by the city of Clarksville or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). In short, for the city of Clarksville to be liable to the plaintiff under § 1983, there must be a direct causal link between an official policy or custom and the alleged violation of the plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 F. App'x 380, 393 (6th Cir.

5

2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against the city of Clarksville under § 1983. The complaint does not identify or describe any of the city's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of the plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put the city on notice of a problem. Most of the allegations in the complaint relate to purported actions taken by AFT agents. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at *2-3 (M.D. Tenn. Sept. 13, 2010). Consequently, the court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against the city of Clarksville. The plaintiff's § 1983 claims against Officer Stanton in his official capacity therefore must be dismissed.

The plaintiff also identifies an unnamed Clarksville Police Department Sergeant as a defendant to this action. (Doc. No. 8 at 1). However, other than being listed as a defendant, this unnamed Sergeant is not mentioned in the narrative of the complaint or anywhere else in the plaintiff's supplemental pleading. A plaintiff must identify the right or privilege that was violated

and the role of the defendant in the alleged violation. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 827 n.3 (6th Cir. 2005); *Dunn v. Tenn.,* 697 F.2d 121, 128 (6th Cir. 1982). Because the plaintiff does not allege the personal involvement of the Sergeant in the events set forth in the complaint, the plaintiff has not established a basis for imposing individual liability on this defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Thus, the plaintiff's § 1983 claims against an unnamed Clarksville Police Department Sergeant must be dismissed.

### B. Claims against the Cheatham County Sheriff's Office and "CCSO Agent" Jacob Kent

The complaint names the Cheatham County Sheriff's Office as a defendant to this action. However, as noted above, a sheriff's office is not an entity capable of being sued under 42 U.S.C § 1983. *See, e.g., Durham*, 2017 WL 1437209, at *2. Thus, the complaint fails to state claims upon which relief can be granted under § 1983 against the Cheatham County Sheriff's Office. This claim will be dismissed.

The complaint also names "CCSO Agent" Jacob Kent as a defendant to this action. The court infers that "CCSO" refers to the Cheatham County Sheriff's Office. Construing the plaintiff's pro se allegations liberally, the complaint alleges that Kent conspired with the other defendants to bring false charges against the plaintiff because of his race and his criminal background.

First, the plaintiff does not sufficiently allege a claim for civil conspiracy. As the Sixth Circuit Court of Appeals has explained:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

7

*Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). Although circumstantial evidence may prove a conspiracy, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Id*. (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). That pleading standard is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).[2] An assertion, unaccompanied by supporting facts, that parties conspired with each other is a legal conclusion that a court need not accept as true. *Id*. at 563-64 (collecting cases). Allegations of "a plan or agreement to violate [the plaintiff's] constitutional rights" is required. *Id*. at 564. Here, the plaintiff's allegations that defendants conspired with each other are entirely devoid of supporting facts.

Neither does the complaint state a false arrest or valid malicious prosecution claim under § 1983 against defendant Kent. The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006) (internal quotation marks omitted). The "tort of malicious prosecution" is "entirely distinct" from that of false arrest, as the malicious prosecution tort "remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process." *Wallace*, 549 U.S. at 390 (2007) (internal quotation marks omitted). Here, the plaintiff alleges only that he believes Kent and other defendants are "trying everything they can to incarcerate [the

---

[2] The same standard applies to conspiracy claims brought under *Bivens*. *See Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014).

plaintiff] of false charges." (Doc. No. 1 at 7). The plaintiff does not state that he has, in fact, been arrested, prosecuted, convicted, and incarcerated.

Finally, the complaint alleges that the plaintiff was "racially profiled." (Doc. No. 1 at 6). To the extent that the plaintiff attempts to bring claims under 42 U.S.C. § 1985, a § 1985 claim requires, among other things, that the accused conspirators enter the conspiracy "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983) (internal quotation marks omitted)). Thus, a plaintiff is required to "allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action." *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 367 (6th Cir. 2012) (quoting *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992)). Furthermore, a plaintiff must allege "that the alleged conspirators shared a common discriminatory objective." *Pahssen,* 668 F.3d at 368.

Construing his pro se allegations liberally, the plaintiff alleges that defendants conspired together in a common scheme or plan to act and the plaintiff "feel[s]" like he was racially profiled because ATF Agent McClellan listed the plaintiff's race as Hispanic instead of White. (Doc. No. 1 at 6). These two allegations in isolation, however, are insufficient to state a § 1985 conspiracy claim. The complaint does not contain the required allegation that defendants were motivated by a shared racial animus and, based upon that animus, acted together to treat the plaintiff differently from another similarly-situated person. Thus, while the complaint raises the issue of discrimination, it does not plausibly allege that the defendants acted together with the purpose of discriminating against the plaintiff. Because there is no colorable claim that defendants conspired

9

with the required discriminatory intent, the plaintiff's § 1985 claims must be dismissed for failure to state a claim.

C.      **Claims against the TBI**

The complaint names the TBI as a defendant to this action. The TBI "is an agency of the State of Tennessee" and therefore not a "person" who may be sued under § 1983. *Gibson v. Jefferson Cty.*, No. 3:18-CV-505-TAV-HBG, 2019 WL 2494571 (E.D. Tenn. June 14, 2019). *See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (state agency is not a "person" subject to suit under § 1983); *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009) ("The Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages."). In addition, because the TBI is an agency of the state and not the federal government, the plaintiff cannot bring a *Bivens* claim against the TBI. Therefore, the TBI must be dismissed.

D.      **Claims against the ATF**

Next, the complaint names the ATF, a federal agency, as a defendant to this action. The federal government and its officials are not subject to suit under 42 U.S.C. § 1983. *See Franklin v. Henderson*, No. 00–4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001). In addition, a *Bivens* claim against the ATF is barred by sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994); *Franklin v. Henderson*, 15 F. App'x 205, 206 (6th Cir. June 20, 2001); *Fagan v. Luttrell*, No. 97–6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("*Bivens* claims against the United States are barred by sovereign immunity . . . . The United States has not waived its immunity to suit in a *Bivens* action."); *Miller v. Federal Bureau of Investigation*, No. 96–6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a *Bivens*

action against a federal agency for damages"). Thus, the plaintiff's claims for monetary damages against the ATF, like the other claims thus far, must be dismissed.

The court declines to construe the complaint as asserting a claim against the ATF pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, because there is no indication that the plaintiff has exhausted his administrative remedies as required by 28 U.S.C. § 2674(a).

### E. *Bivens* Claims against ATF Agent Chris McClellan, ATF Special Agents Dean Clark and Justin Meinecke, ATF TFO Agents Greg Beebee and Joey Boyd, and Agent Adkins

Defendants McClellan, Clark, Meinecke, Beebee, Boyd, and Adkins are alleged to be Special Agents or Agents with the ATF, a federal agency, operating under color of federal law.

"An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct." *Kidd v. Neff*, No. 1:12-CV-40, 2012 WL 4442526, at *4 (E.D. Tenn. Sept. 25, 2012) (citing *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005)). As a sister court explained:

> [U]nder *Bivens*, claims of personal liability against federal officials for violations of constitutional rights of others is permitted, but claims against federal government officials in their official capacities are not. This is so because a suit against government officials in their official capacities is the same as bringing suit against the United States of America and the doctrine of sovereign immunity protects the United States government and its officers and employees acting in official capacities from Bivens claims. In other words, *Bivens* actions are brought against a federal agent in his individual liability and claims against a federal agent in his official capacity are usually pursued under the Federal Tort Claims Act against the United States.

*Beasley v. Poole,* No. 1:11-cv-63, 2011 WL 2689347, at *6 (E.D. Tenn. July 11, 2011) (internal citations omitted).

Here, the plaintiff specifically named defendants McClellan and Clark in their official capacities only. (Doc. No. 1 at 3). Those claims must be dismissed because, as explained above, they are not permitted under *Bivens*. In his supplemental pleading, the plaintiff did not specify in

11

what capacity he is suing defendants Meinecke, Beebee, Boyd, or Adkins. Nevertheless, to the extent the plaintiff is attempting to sue defendants Meinecke, Beebee, Boyd, or Adkins in their official capacities under *Bivens*, those claims will be dismissed with prejudice for failure to state claims upon which relief may be granted.

To the extent that the plaintiff intended to sue defendants Meinecke, Beebee, Boyd, or Adkins in their individual capacities, those claims will be dismissed on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must provide that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87. A claim for damages "bearing that relationship to a conviction or sentence that has not been so invalidated", such as the plaintiff's here, is not cognizable under § 1983. *Id*. Thus, when a state prisoner seeks damages in a § 1983 suit, the court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

"*Heck*'s litigation bar applies with equal force to *Bivens* actions." *Baranski v. Fifteen Unknown Agents of Bureau of Alchohol, Tobacco & Firearms*, 452 F.3d 433, 460 (6th Cir. 2006) (citing *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998)). Therefore, the plaintiff here has no cause of action under *Bivens* if his claims hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is

12

Case 3:21-cv-00304 Document 9 Filed 05/11/21 Page 12 of 13 PageID #: 54

terminated in his favor, his conviction is set aside, or the confinement is declared illegal. *Heck*, 512 U.S. at 481-82. None of those events has occurred in this case.

## IV. Conclusion

Having screened the complaint pursuant to the PLRA, the court finds that the plaintiff's allegations fail to state claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, or *Bivens* upon which relief can be granted, as detailed above. This complaint therefore will be dismissed. 28 U.S.C. § 1915A.

This dismissal does not affect the plaintiff's ability to bring claims in a separate lawsuit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* after he has exhausted his administrative remedies.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge