IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAMON LEIS, III, | ) |
| | ) |
| v. | ) No. 3:21-cv-00304 |
| | ) |
| ALCOHOL, TOBACCO & FIREARM AGENCY, *et al.*, | ) Judge Trauger |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Ramon Leis, III, a pre-trial detainee in the custody of the Warren County Regional Jail in Bowling Green, Kentucky, filed this pro se action against the Alcohol, Tobacco & Firearm Agency (ATF), ATF Agent Chris McClellan in his official capacity, ATF Special Agent Dean Clark in his official capacity, the Clarksville Police Department, Clarksville Police Department Officer Casey Stanton in his official capacity, the Tennessee Bureau of Investigation (TBI), and the Cheatham County Sheriff's Office. (Doc. No. 1). The plaintiff also submitted a document entitled "Civil Rights Lawsuit" (Doc. No. 8). Therein, the plaintiff seeks to add claims against an unnamed Clarksville Police Department Sergeant, ATF TFO Agent Greg Beebee, ATF TFO Agent Joey Boyd, CCSO Agent Jacob Kent, ATF Special Agent Justin Meinecke, and Agent f/n/u Adkins. (*Id*. at 1).

The plaintiff filed an application to proceed in forma pauperis (Doc. No. 3) and supporting documents (Doc. No. 4). Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of the plaintiff's application to proceed in forma pauperis and supporting documents, it appears that the plaintiff lacks sufficient financial resources

1

from which to pay the full filing fee in advance. Therefore, his application (Doc. No. 3) is **GRANTED**.

Under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby assessed the full civil filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust fund accounts at the Warren County Regional Jail to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

The court has reviewed the complaint pursuant to the Prison Litigation Reform Act (PLRA) and, for the reasons explained more fully in the memorandum opinion entered contemporaneously herewith, finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and/or *Bivens* as to all defendants. This action, therefore, is **DISMISSED**.

This dismissal does not affect the plaintiff's ability to bring claims in a separate lawsuit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. after he has exhausted his administrative remedies.

Because an appeal would **NOT** be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This order constitutes the judgment in this case.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge